## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL J. GREENE,** | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 1:15-15723** |
| v. | ) |
| **WILLIAM J. SADLER,** *et al.*, | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 2, 2015, Plaintiff, acting *pro se* and in confinement at Huttonsville Correctional in Huttonsville, West Virginia, filed his Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document Nos. 1 and 3.) In his Complaint, Plaintiff names the following as Defendants: (1) William J. Sadler, Mercer County Circuit Court Judge; (2) George V. Sitler, Chief Assistant Prosecuting Attorney for Mercer County; (3) Bill Huffman, Attorney; and (4) Scott A. Ash, Prosecuting Attorney for Mercer County. (Document No. 3, p. 4.) Plaintiff alleges that on May 6, 2012, he entered into an unknowing and unintelligent plea of guilty in Mercer County Circuit Court. (Id.) Plaintiff contends that he did not understand the "nature of the charge and the consequences of the plea." (Id.) Plaintiff explains that after his plea, he was "placed in the Industrial Home for Youth when [he] was suppose to have been at Glen Mills School until [he] completed their program." (Id.) Plaintiff alleges that his attorney, Greg Ball, told him that the "plea agreement stated that if [Plaintiff] was to receive an equivalent trade-school certification, the case would be dismissed." (Id.) Plaintiff asserts that he "got [his] core curriculum

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

on the 2nd day of April, 2013." (Id., pp. 4 - 5.) Plaintiff contends that he informed "Mr. Huffman (his other attorney) about it and told him to tell the Judge about it right before [Plaintiff's] May 24, 2013 court date, but Mr. Huffman stated that he forgot." (Id., p. 5.) Plaintiff alleges that he discussed the foregoing with Mr. Huffman and Mr. Ball while he was incarcerated at Stevens Correctional Center, but "Mr. Huffman tried to lie to [Plaintiff] and say the core curriculum was not an equivalent to a trade-school certification." (Id.) Plaintiff states that Mr. Ball informed Plaintiff that "even if it was not an equivalent trade-school certification, [they could] get Judge Sadler to send [Plaintiff] to the Anthony Center, and [he] could get one while [he] was up there." (Id.) Plaintiff complains that Mr. Huffman then stated that the plea required the trade-school certification to be obtained while Plaintiff was on probation. (Id.) Plaintiff disputes that the terms of the plea agreement required him to obtain the trade-school certification while he was on probation. (Id.) Plaintiff contends that during his subsequent court hearing, Judge Sadler and Prosecutor Ash incorrectly stated that the plea agreement required the trade-school certification to be obtained while Plaintiff was on probation. (Id.) Plaintiff argues that he then requested permission to withdraw his plea, but Judge Sadler denied his request. (Id., pp. 5 - 6.) Plaintiff alleges that he informed Mr. Huffman and Mr. Ball that he wished to appeal Judge Sadler's ruling, but counsel failed to file the appeal. (Id., p. 6.) Plaintiff contends that he later received an additional letter from Mr. Huffman stating that Plaintiff's "trade certificate had to be equivalent to a two-year associates degree." (Id.) Plaintiff argues that "on June 15, 2015, Judge Sadler tried to lie again and changed his story by saying [Plaintiff's] trade had to be equivalent to a two-year associates degree." (Id.) Plaintiff contends Prosecutor Ash breached the plea agreement and "changed his story numerous times." (Id.) Finally, Plaintiff argues that Assistant Prosecutor Sitler knew of the misconduct, but failed to take action. (Id., pp. 6 - 7.) As relief, Plaintiff requests monetary damages

and that he be allowed to withdraw his guilty plea.[2] (Id., p. 7.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685,

---

[2] In *Greene v. Ash*, 1:15-cv-14561, Plaintiff asserted nearly identical allegations against the same Defendants. By Proposed Findings and Recommendation entered on November 5, 2015, the undersigned recommended that Plaintiff's Complaint be dismissed. (Civil Action No. 1:15-14561, Document No. 7.) Plaintiff filed his Objections on November 25, 2015. (*Id.*, Document No. 9.)

98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

**1.     Heck:**

Plaintiff alleges that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Mercer County. Specifically, Plaintiff challenges the validity of his conviction based on the following: unknowing and unintelligent plea, breach of plea agreement, and ineffective assistance of counsel. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during his criminal proceedings in the Circuit Court of Mercer County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity

of conviction). Plaintiff does not indicate that he has been successful in *habeas* proceedings.[3] The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

**2.     Judicial Immunity:**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon the allegations contained in the Complaint, the undersigned finds that Judge Sadler is absolutely immune from suit. Plaintiff appears to argue that Judge Sadler

---

[3] On November 16, 2015, Plaintiff filed with this Court an Application under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody. *Greene v. Plumley*, 1:15-cv-15154.

allowed his constitutional rights to be violated during his criminal proceedings and improperly changed the terms of his plea agreement. As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Accordingly, Plaintiff's claim against Judge Sadler must be dismissed.

**3.     Prosecutorial Immunity:**

Prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. Id., 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(quoting Imbler, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 272, 113 S.Ct. at

2615(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996); Van de Kamp, 555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000)(stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].")

Furthermore, a prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." Shmueli v. City of New York, 424 F.3d 231, 237 (2nd Cir. 2005); also see Smith v. McCarthy, 349 Fed.Appx. 851, 859 (4th Cir. 2009), cert. denied, ___ U.S. ___, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000)("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. Burns, 500 U.S. at 490-92, 111 S.Ct., at 1941-42("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . .."); Imbler, 424 U.S. at 422, 96 S.Ct. 984 at 991(citing Yaselli v. Goff, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927))(finding prosecutor entitled to absolute immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); also see Brown v. Daniel, 230 F.3d at 1352; Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994), cert. denied, 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995). Although prosecutors may be entitled to absolute immunity, prosecutors are subject to criminal and professional sanctions for prosecutorial abuses. Imbler, 424 U.S. at 429, 96 S.Ct. at 994; Malley v. Briggs, 475 U.S. 335, 343, n. 5, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is well recognized that "[a]bsolute prosecutorial immunity 'is not grounded in any special esteem

for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" Dababnah, 208 F.3d at 471(quoting Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)). The Imbler Court determined the importance of protecting the integrity of the prosecutor's office and the judicial system outweighs the desire to afford civil redress to a wronged defendant. Imber, 424 U.S. at 427 - 429, 96 S.Ct. at 993 - 994.

A prosecutor, however, is not entitled to absolute immunity for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273, 113 S.Ct. at 2615(citing Burns, 500 U.S. at 491, 11 S.Ct. at 1941-42). Thus, a prosecutor is only entitled to qualified immunity for administrative actions or investigative functions not related to trial preparation, such as holding a press conference, engaging in investigative activity prior to the establishment of probable cause to arrest, providing police officers with legal advice during the investigative phase, or acting as a complaining witness in support of a warrant application. Id.; also see Van de Kamp, 555 U.S. at 342 - 343, 129 S.Ct. at 861. The Supreme Court has explained as follows:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction."

Buckley, 509 U.S. at 273, 113 S.Ct. at 2616(internal citations omitted). Thus, a prosecutor does not have absolute immunity for a claim that he or she fabricated evidence during the preliminary investigation of an unsolved crime. Id., 509 U.S. at 275, 113 S.Ct. at 2616 - 2617.

In the instant case, Plaintiff alleges that Prosecutor Ash and Sitler breached the terms of the plea agreement. As stated above, prosecutors are entitled to absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430, 96 S.Ct. at 995. The Court further finds that Prosecutor Ash and Sitler's involvement with the plea agreement was conduct intimately associated with the judicial phase of the criminal process. See Taylor v. Kavanagh, 640 F.2d 450, 453 (2nd Cir. 1981)("prosecutor's activities in the plea bargaining context merit the protection of absolute immunity"); Laureano v. Jones, 2011 WL 5282601, * 2 (D.S.C. Nov. 2, 2011)(finding prosecutor was entitled to absolute immunity concerning plaintiff's allegations that the prosecutor engaged in misconduct and conspired to coerce plaintiff to enter a guilty plea), aff'd, 467 Fed.Appx. 233 (4th Cir. 2012); Powell v. United States, 2012 WL 5395814, * 2 (E.D.N.C. Nov. 5, 2012)(finding prosecutor was entitled to absolute immunity concerning plaintiff's claim that the prosecutor breached his plea agreement and "concealed facts which led [him] to enter his plea of guilty under the mistaken impression of a material fact"); Story v. Kopko, 2010 WL 430831, *3 (D.S.C. Feb. 5, 2010)(finding prosecutor was entitled to prosecutorial immunity concerning plaintiff's claim that the prosecutor breached his plea agreement); Short v. Doe, 2007 WL 4993308, *4 (D.Md. June 25, 2007)("the alleged conduct, breach of a plea agreement, is 'intimately associated with the judicial phase of the criminal process" and the named prosecutors are thus entitled to absolute prosecutorial immunity."). Accordingly, the undersigned recommends that Plaintiff's claims against Prosecutor Ash and Sitler be dismissed because they are absolutely immune from suit under Section 1983.

**4.    Defendant Huffman:**

In his Complaint, Plaintiff contends that Defendant Huffman violated his constitutional rights by providing ineffective assistance of counsel. Generally speaking, to state and prevail upon a claim

9

under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court finds that Defendant Huffman was not a "state actor." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Based on the foregoing, the undersigned finds that Plaintiff cannot pursue a Section 1983 claim against Defendant Huffman.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 3), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff.

Date: December 7, 2015.

R. Clarke VanDervort
United States Magistrate Judge